Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Charles E Luckenbill** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | **Patricia A Luckenbill** | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |

United States Bankruptcy Court for the:    **NORTHERN DISTRICT OF ILLINOIS**

Case number:

(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

Official Form 113
# Chapter 13 Plan                                                                                                         12/17

## Part 1:    Notices

**To Debtor(s):**    **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ■ Not Included |

## Part 2:    Plan Payments and Length of Plan

**2.1**    **Debtor(s) will make regular payments to the trustee as follows:**

**$1100** per **Month** for **32** months
**$1470** per **Month** for **28** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**    **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐    Debtor(s) will make payments pursuant to a payroll deduction order.
■    Debtor(s) will make payments directly to the trustee.
☐    Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

| Debtor | **Charles E Luckenbill** | Case number | |
| --- | --- | --- | --- |
| | **Patricia A Luckenbill** | | |

- ■ Debtor(s) will retain any income tax refunds received during the plan term.

- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- ☐ Debtor(s) will treat income refunds as follows: _____

**2.4 Additional payments.**
*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**  The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>76,360.00</u>.

### Part 3:  Treatment of Secured Claims

**3.1**  **Maintenance of payments and cure of default, if any.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2**  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**  **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
- ☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- ■ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
| --- | --- | --- | --- | --- | --- |
| Mr. Cooper | 50310 Peninsula Rd Solon Springs, WI 54873  Douglas County Value via CMA from January 2018 less estimated cost of sale of $16,300 pursuant to broker. | $168,789.00 | 0.00% | $2,337.00 Disbursed by: ☐ Trustee ■ Debtor(s) | $0.00 |
| Pnc Bank | 2011 Lexus ES350 105000 miles Valued via Kbb on 2/14/18 | $11,825.00 | 0.00% | $370.00 | $0.00 |

| Debtor | **Charles E Luckenbill** | Case number | |
| | **Patricia A Luckenbill** | | |

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| | | | | Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | |

*Insert additional claims as needed.*

**3.4  Lien avoidance**.

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
- ■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Bayview Financial Loan** | **2552 Riverwoods Drive Naperville, IL 60565  Will County Value per zillow 1/24/18  $429,079.    Purchased in 2007 for 563,000.** |
| **Chase Mtg** | **2552 Riverwoods Drive Naperville, IL 60565  Will County Value per zillow 1/24/18  $429,079.    Purchased in 2007 for 563,000.** |

*Insert additional claims as needed.*

### Part 4:  Treatment of Fees and Priority Claims

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**7,636.00**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
- ■ The debtor(s) estimate the total amount of other priority claims to be **$4,898.00**

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5:  Treatment of Nonpriority Unsecured Claims

| Debtor | **Charles E Luckenbill** | Case number | |
|---|---|---|---|
| | **Patricia A Luckenbill** | | |

**5.1**  **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☐ The sum of $          .
- ■ **  35.00  ** % of the total amount of these claims, an estimated payment of $ **  50,026.00  ** .
- ■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**54,008.60**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**  **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**  **Other separately classified nonpriority unsecured claims.** *Check one*.

- ■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1**  **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

- ■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1**  **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- ■ plan confirmation.
- ☐ entry of discharge.
- ☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1**  **Check "None" or List Nonstandard Plan Provisions**
- ■ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signature(s):

**9.1**  **Signatures of Debtor(s) and Debtor(s)' Attorney**
If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.

| X **/s/ Charles E Luckenbill** | X **/s/ Patricia A Luckenbill** |
|---|---|
| **Charles E Luckenbill** | **Patricia A Luckenbill** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on  **March  9, 2018** | Executed on  **March  9, 2018** |

X **/s/ David H. Cutler**                                                     Date  **March  9, 2018**
**David H. Cutler**
Signature of Attorney for Debtor(s)

| Debtor | **Charles E Luckenbill** | Case number | |
|---|---|---|---|
| | **Patricia A Luckenbill** | | |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Charles E Luckenbill** | Case number | |
| --- | --- | --- | --- |
| | **Patricia A Luckenbill** | | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
| --- | --- | --- |
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$16,534.00** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$50,026.00** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*    + | **$0.00** |
| | **Total of lines a through j** | **$66,560.00** |